UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NAVIDAD MARTINEZ § | |
| § | **CIVIL ACTION NO.** |
| **Plaintiff** § | |
| § | |
| VS. § | |
| § | |
| PPG ARCHITECTURAL FINISHES INC § | |
| § | |
| **Defendant** § | |

## COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff NAVIDAD MARTINEZ and brings this cause of action against PPG ARCHITECTURAL FINISHES INC, ("PPG ARCHITECTURAL"). PPG ARCHITECTURAL FINISHES INC owns, controls, manages, and rents the real estate, property, and improvements in Corpus Christi, Texas where a business named PPG Paints operates. Mr. MARTINEZ respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

### I. CLAIM

1. Mr. MARTINEZ, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Mr. MARTINEZ and others similarly

1

situated with sufficient ADA-compliant parking in the parking lot that serves the PPG Paints.  The Corpus Christi location does not provide an ADA-Compliant Van Accessible disabled parking space.  Based on this fact, PPG ARCHITECTURAL has denied Mr. MARTINEZ the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at PPG Paints.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Corpus Christi, Texas where the PPG ARCHITECTURAL business is located.

## PARTIES

5. Plaintiff NAVIDAD MARTINEZ is a disabled person, who had portions of his digestive tract removed due to colon cancer treatment at MD Anderson Hospital. Due to the excision and removal of his digestive tract and tissue, Mr. Martinez has difficulty walking, is disabled, and has a state-issued disabled parking placard. Mr. MARTINEZ has significant mobility impairments and uses assistive devices for mobility. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6. Defendant PPG ARCHITECTURAL FINISHES INC owns, manages, controls, and leases the improvements and building where the PPG Paints is situated. The address of PPG Paints is 4420 S Padre Island Dr, Corpus Christi, TX 78411. As a retail store, the business is a place of public accommodation, operated by a private entity,

whose operations affect commerce within the meaning of Title III of the ADA.

7. Defendant PPG ARCHITECTURAL FINISHES INC is a foreign corporation whose headquarters is One PPG Place-07 East, Pittsburgh, PA 15272. Defendant can be served process via their Registered Agent: Prentice Hall Corporation System, 211 E. 7th St, Suite 620, Austin, TX 78701-3218.

## II. FACTS

8. PPG Paints is a business establishment and place of public accommodation in Corpus Christi, Texas. PPG Paints is situated on real estate, property, and improvements controlled, managed, and leased out by PPG ARCHITECTURAL FINISHES INC.

9. PPG Paints is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business.

10. Pictures taken at the location prove this:


PPG Paints store in Corpus Christi TX. No Sign. No Van Accessible Space.


PPG Paints in Corpus Christi TX. No Van Accessible Space (96" wide with 96" side access aisle). On far right side, note sign but no pavement marking.

4



PPG Paints in Corpus Christi TX. South side of the building. Disabled parking but no Signs. Access Aisle is blocked by steel columns. Space is not Van Accessible.



PPG Paints in Corpus Christi TX. South side of the building. No Van Accessible space, access aisle is blocked by steel columns and a sign.

11. The Plaintiff went to PPG ARCHITECTURAL property located at 4420 S Padre Island Dr, Corpus Christi, TX 78411 in May of 2020.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff has the intent to return to the PPG ARCHITECTURAL.

13. Additionally, on information and belief, the Plaintiff alleges that the

failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14. The Defendant's Corpus Christi location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have at least one ADA-compliant Van Accessible space (96" Wide with 96" Side Access Aisle). This space must be located close to the entrance of the business. *See* pictures above**, and Exhibit 1**.

15. There is no Van Accessible Disabled Parking in the parking area at the entrance of the PPG Paints in Corpus Christi, Texas.

16. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination

7

is defined, inter alia, as follows:

    a.    A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least <u>one</u> ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle) near the business entrance. *See* **Exhibit 1**.

20.    Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.  This is a violation of the law and is discriminatory.

8

## IV. RELIEF REQUESTED

<u>Injunctive Relief</u>

21. Mr. MARTINEZ will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

<u>Declaratory Relief</u>

22. Mr. MARTINEZ is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23. The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

<u>Attorneys' Fees and Costs</u>

24. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PRAYER FOR RELIEF

THEREFORE, Mr. MARTINEZ respectfully requests this Court award the

following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. MARTINEZ and those similarly-situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Mr. MARTINEZ is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: MAY 11, 2020          Respectfully,

By:   /s/ R. Bruce Tharpe
R. Bruce Tharpe

**LAW OFFICE OF
R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5511 (Tel)

ATTORNEY OF RECORD FOR
 PLAINTIFF NAVIDAD MARTINEZ